IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                          )
                                )        Chapter 13
MISTY M. TUCKER                 )
                                )        Bankruptcy No. 16-01127
        Debtor.                 )

## RULING ON MOTION FOR CONTEMPT

This matter came on for hearing on May 18, 2017 in Mason City. Kevin
Ahrenholz appeared for Debtor Misty Tucker ("Debtor"). David Hellstern
appeared for Creditor Heartland Power Cooperative ("Heartland"). Carol Dunbar
appeared for herself as Chapter 13 Trustee. The parties filed briefs. This is a core
proceeding under 28 U.S.C. § 157 (b)(2).

## STATEMENT OF THE CASE

Heartland violated the Chapter 13 co-debtor stay by garnishing co-debtor's
wages. Heartland agrees that it violated the co-debtor stay and stopped
garnishment and returned the funds. Debtor asks for an award of compensatory
damages and attorney's fees. Heartland argues that co-debtor stay does not
provide a damages or fee remedy for violations of the co-debtor stay.

## FACTS AND ARGUMENTS

The facts are not in dispute. Debtor is married to Roger Tucker. Heartland
is the electric utility for Debtor and Mr. Tucker. Heartland has an approximately
$2,500 claim against Debtor and Mr. Tucker for residential electric services.

On August 30, 2016, Debtor filed bankruptcy, but not Mr. Tucker.  When Heartland received notice of the bankruptcy, it stopped all collection efforts against Debtor.  It did not stop collection efforts against Mr. Tucker, however, because it did not know that there is a co-debtor stay under Chapter 13.  On January 17, 2017, Heartland sued Mr. Tucker in small claims court and later received a default judgment.  On March 29, Heartland started garnishing Mr. Tucker's wages.

On April 20, Debtor's attorney called Heartland to notify Heartland that it was violating the co-debtor stay and asked it to stop garnishment.  On May 3, Debtor's attorney sent Heartland a letter, again requesting that garnishment stop. Neither of these contacts stopped the garnishment.  As of May 12, Heartland had garnished $883.01 from Mr. Tucker.

Debtor filed this Motion for Contempt.  Debtor asks the Court to order Heartland to stop the garnishment, return the funds, and set aside its judgment.  In her motion, she asked for at least $9,500 in compensatory and punitive damages and $950 in attorney fees for the violation of the co-debtor stay.  After the hearing and briefing, Debtor now asks for $1,400 in attorney fees.  Debtor argues that the Court should award compensatory damages, punitive damages, and attorney fees, to remedy Heartland's violations of the co-debtor stay.

Debtor notes that Mr. Tucker's income was to be used to make her mortgage payments and Chapter 13 plan payments.  Because of the garnishment, Debtor was

2

unable to make all of her mortgage payments and plan payments. Debtor argues that she is entitled to compensation for missed work to attend the hearing, for emotional distress associated with missing mortgage and plan payments, and attorney fees. Debtor argues that Heartland's egregious conduct in this case warrants punitive damages.

Heartland resists. Heartland agrees that it violated the co-debtor stay and that it should stop garnishing Mr. Tucker wages, return the wages, and set aside its judgment against Mr. Tucker. Heartland disagrees, however, that Debtor is entitled to damages or attorney's fees. Heartland argues that the co-debtor stay under § 1301 does not provide for damages or attorney's fees and that damages and sanctions under the § 362 automatic stay provision do not apply. Heartland argues that, even if § 362 damages applied, its conduct in this case was not "willful." Heartland argues that, because § 1301 does not provide for damages, courts are unable to award damages for § 1301 violations. Heartland concludes that Debtor received the relief she was entitled to when the Court ordered Heartland to stop the garnishment, return the wages, and set aside its judgment against Mr. Tucker.

The Court entered an order on the agreed issues and ordered Heartland to stop the garnishment, return the wages, and set aside its judgment against Mr.

3

Tucker.  The Court took the damages and attorney's fees issues under advisement and the parties briefed the issues.

## CONCLUSIONS OF LAW AND ANALYSIS

This case is about whether the Court can award compensatory and punitive damages for a violation of the co-debtor stay under § 1301.  That section provides:

> [A]fter the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt.

11 U.S.C. § 1301.  "The codebtor stay under § 1301 is meant to protect the debtor, not the codebtor."  In re Burkey, No. 09-12371, 2012 WL 5959991, at *3 (Bankr. N.D.N.Y. Nov. 28, 2012).  "Generally, codebtor stay violations require the creditor to act in an overt and intentional manner or which has the inescapable and inevitable effect of exerting pressure on the debtor by way of the co-debtor."  Id. at *4 (internal quotation marks omitted).

Unlike the automatic stay, which provides for "actual damages, including costs and attorneys' fees, and, in appropriate circumstances, . . . punitive damages," id. § 362, the co-debtor stay is silent on the issue of damages.  In re Stacker, No. 10-30262, 2011 WL 182846, at *2 (Bankr. S.D. Ill. Jan. 20, 2011).  Moreover, § 362 damages do not apply to § 1301 violations.  In re Hughes, No. B0580389C13D, 2005 WL 1293982, at *1 (Bankr. M.D.N.C. May 2, 2005) ("The

4

sanctions imposed under 362(h) are expressly limited to violations under 362 and do not extend to Section 1301.").

Section 1301's silence on damages has led to uncertainty about whether damages are available and courts are split on the issue.  In re Juliao, No. 07-48694-WSD, 2011 WL 6812542, at *7 (Bankr. E.D. Mich. Nov. 29, 2011).  Some courts have concluded that damages are not available because § 1301 does not provide for damages.  In re Stacker, No. 10-30262, 2011 WL 182846, at *2 (Bankr. S.D. Ill. Jan. 20, 2011); see also In re Singley, 233 B.R. 170, 174 n.1 (Bankr. S.D. Ga. 1999) ("Unlike section 362, section 1301 contains no provision for awarding damages.  Therefore, any damages award would have to result from a finding that Movant wilfully [sic] violated section 362.").

Other Courts have awarded damages for § 1301 violations, notwithstanding that it does not provide for damages.  Matter of Sommersdorf, 139 B.R. 700, 702 (Bankr. S.D. Ohio 1991) ("While we have made a specific finding of a violation of the stay created by § 1301 rather than a violation of the stay created by § 362, the legislative history is clear that both provisions serve to protect the debtor. An award of damages to the Debtors is appropriate."); see also In re Bertolami, 235 B.R. 493, 498 (Bankr. S.D. Fla. 1999).

Still other courts have found damages are available by virtue of the Court's power under § 105 to "issue any order, process, or judgment that is necessary or

appropriate to carry out the provisions of this title." In re Morris, 385 B.R. 823, 831 (E.D. Va. 2008) (collecting cases); In re Rick, Bankr. No. 12-31026, 2014 WL 7011029, at *3 (Bankr. E.D. Wis. Dec. 11, 2014) ("Section 1301 does not provide an affirmative remedy for violations of the co-debtor stay.  Instead, a bankruptcy court may redress violations of the co-debtor stay through the power granted under § 105(a) of the Bankruptcy Code.").

Here, the Court finds that an award of attorney's fees under § 105 is appropriate to carry out and give meaning to § 1301 in this case.  Heartland is correct that § 1301 does not provide for a damages award and that the damages provided for by § 362 are limited to violations of that section.  The Court does not have authority to sanction Heartland under § 1301.  The Court also cannot sanction Heartland under § 362 because it did not violate § 362.

Heartland violated § 1301 and Heartland's conduct in this case warrants sanctions.  Heartland had notice of the bankruptcy and continued garnishing Mr. Tucker's wages.  When initially contacted about the violation, it did nothing. When contacted again, it still did nothing.  It was not until Mr. Ahrenholz filed this motion for contempt that Heartland stopped the garnishment.  Mr. Ahrenholz's work was absolutely necessary to get Heartland to stop garnishing Mr. Tucker's wages and to stop violating the co-debtor stay.  Those fees must be reimbursed by Heartland.

Heartland's action in this case also harmed Debtor's ability to make her mortgage and plan payments.  Heartland's conduct in continuing to garnish Mr. Tucker's wages after Mr. Ahrenholz contacted Heartland warrants sanctions.  The Court finds that an additional $1,500 for emotional upset and needless stress it created on both Debtor and her spouse, Mr. Tucker.  The $1,400 in attorney fees and $1,500 in additional damages is appropriate to carry out the protection and implementation of § 1301 in this case.

## CONCLUSION

**WHEREFORE**, Debtor's Motion for Contempt for Violations of the Automatic Stay is GRANTED IN PART.

**FURTHER**, as a sanction for violating the co-debtor stay, Heartland must pay attorney's fees of $1,400 and compensatory damages of $1,500 within 21 days of this Order.

**FURTHER**, judgment shall enter accordingly.

 Dated and Entered:

June 26, 2017

THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE

7